A. MOSER JR. v. W. F. SHAMLEFFER, *as Mayor of Council Grove, et al.*

CITY — *Change of Class — Failure to Elect Mayor.* After a city of the third class is organized into a city of the second class, the mayor is to be elected on the first Tuesday of April of each odd-numbered year. A vacancy in the office of mayor in such a city must be filled at a special election called and held for that purpose, as provided by ordinance. If no one is elected mayor of such a city after its organization, on the first Tuesday of April of an odd-numbered year, and no special election is called in such city by an ordinance for the election of a mayor, the mayor of the city of the third class will continue to discharge the duties of the office.

### Original Proceedings in Mandamus.

ACTION brought in this court on April 9, 1888, by *Moser*, against *Shamleffer* and others. The material facts are stated in the opinion, filed at the session of the court in July, 1888.

*J. M. Miller*, and *Morris L. Ritchie*, for plaintiff.
*Scott & Frith*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: As we understand it, this is an amicable action, to determine who is entitled to the office of mayor of the city of Council Grove. Prior to March 3, 1887, the city of Council Grove was a city of the third class, but upon that date the governor issued his proclamation, as required by law, declaring it to be a city of the second class. The proclamation was received at Council Grove on March 5, 1887, but was published in the official paper of the state, on March 4th, 5th, and 6th, 1887. There was no registration of the voters of the city prior to the first Tuesday of April, 1887, and no other or further steps were taken prior to that date to complete the organization of the city as a city of the second class. W. F. Shamleffer was elected to the office of mayor of the city of Council Grove, in April, 1886, when it was a city of the third class; he qualified as mayor under that election, and continues to

discharge the duties of the office, claiming that his successor has never been elected at any proper or valid election. On the first Tuesday of April, 1887, no election for mayor or other city officers was held. In December, 1887, the city council divided the city into three wards. On the first Tuesday of April, 1888—the 3d day of April—there was held in the city of Council Grove an election for city officers. Five hundred and sixty votes were cast at the election, A. Moser jr. receiving five hundred and twenty-nine votes for mayor of the city—other persons receiving seven votes for that office. The returns of this election for mayor were made out ·and presented to the board of canvassers of the city, but that board refused to canvass or declare the result thereof, upon the ground that there was no vacancy in the office of mayor at the time he was elected, and also because no special election had been called for the election of a mayor of the city, under the provisions of any ordinance, proclamation, or other legal authority.

Section 5 of chapter 19, Comp. Laws of 1885, relating to cities of the second class, reads:

"The powers granted to and conferred upon cities of the second class shall be exercised by the mayor and council of such cities as provided by law."

Section 13 of said chapter 19 reads:

"There shall be elected on the first Tuesday of April of each odd-numbered year, a mayor, police judge, city treasurer. . . . The mayor, . . . . police judge, city treasurer, . . . shall hold their offices for the term of two years, and all other officers for the term of one year."

Section 16, of said chapter 19, reads:

"All officers elected or appointed shall be qualified electors of said city, and the removal from such city of any officer shall occasion a vacancy in such office. Vacancies in the office of mayor.and councilmen shall be filled for the unexpired term at a special election to be called and held for that purpose, as may be provided by ordinance. Other vacancies, except in the offices of justice of the peace and constable, shall be filled until the next annual city election by appointment by the mayor and council."

It was decided in *Ritchie v. City of South Topeka*, 38 Kas. 368, that —

"When a city of the third class is made a city of the second class, the city officers continue to be the officers of said city until new officers are elected and qualified under the ordinances of the city of the second class."

Therefore Shamleffer, who was elected in April, 1886, would continue to be the mayor of the city of Council Grove until his successor was elected and qualified. His term of office would have expired in April, 1887, if his successor had been elected; but no election was held on the first Tuesday of April, 1887, for the office of mayor. The next regular election for mayor of the city will be on the first Tuesday of April, 1889. If there was any vacancy in the office of mayor on the first Tuesday of April, 1888, and such appears to be the case, as Shamleffer was elected for only one year, then such vacancy could only be filled for the unexpired term at an election called and held for that purpose, as provided by ordinance. ( Comp. Laws of 1885, ch. 19, § 16.) No ordinance was adopted for an election on the first Tuesday of April, 1888; therefore A. Moser jr. was not elected as mayor, and the board of city canvassers properly refused to count or declare the votes cast for him at that date. Where no authority, either state or city, has fixed either the time or place of electing the mayor of a city, no election for that office can be legally held. Certain city officers are elected upon the first Tuesday of April of each year, but the mayor is not one of those officers. The mayor is only elected upon the first Tuesday of April of each odd-numbered year, except when a vacancy occurs; and when a vacancy occurs, a special election to fill the vacancy must be called by an ordinance for that purpose. After the first Tuesday of April of 1887 had passed, in the absence of an ordinance calling a special election, there is no time prescribed by law or ordinance for the election of a mayor until the first Tuesday of April, 1889, comes around. If A. Moser jr. had been elected at an election prescribed by law, perhaps the failure to give notice of the time and place of such an election

would not have avoided the election, under the circumstances of this case. It is doubtless true that where the election has been held at the proper time and the proper place, and the electors have had notice, and all have participated in it, the want of such notice as the law provides will not render it void. But here the right to hold an election for mayor must come from an ordinance, unless the election is held upon the first Tuesday of April of an odd-numbered year. Moser was not elected in April of an odd-numbered year, and was not elected at any election called or provided for by ordinance.

We do not intend to go beyond the case before us as presented by its own peculiar facts. We do not intend to say that the election must count for nothing on account of the failure of the mayor to issue his proclamation, or because other public notice was not given. We do hold, however, as Moser only claims to have been elected at a special election, and as the time of such special election was not called or designated by any ordinance or statute, that there was no authority for the voters of Council Grove to vote on the first Tuesday of April, 1888, for a mayor of that city. (Cooley Con. Lim., 5th ed., 758 [603].)

The peremptory writ will be refused.

All the Justices concurring.